### 1915. GRAHAM *v.* THE STATE.

1. It being unnecessary to aver or prove that a libel was seen or read, the word "express," when used in an accusation of libel, is synonymous with the word "publish;" and it was not error to overrule a demurrer to an accusation in which it was averred that the defendant "in writing did say and express" an alleged libel, which was set forth in full.

2. Communications made to a secret fraternal, benevolent society are privileged, if made either pending an investigation into an alleged violation of its by-laws by one of its members, or in good faith for the purpose of causing an investigation and a trial of such member pursuant thereto. As a libel must be not only false, but malicious, one accused of this crime has the right to show that the statement made by him was privileged and made bona fide, for the sole purpose of causing such an investigation; and all the circumstances leading up to the charge made by him, as well as the nature and sources of the information upon which he acted, and the result of the trial in the secret order, should be submitted, to enable the jury to determine whether the defendant was influenced by malice or acted in good faith.

Accusation of libel, from city court of Abbeville—Judge Nicholson. April 12, 1909.

Submitted June 9,—Decided July 6, 1909.

*Hal Lawson, D. R. Bruce,* for plaintiff in error.

*M. B. Cannon, solicitor,* contra.

RUSSELL, J. The plaintiff in error was convicted of the offense of libel, and excepts to the judgment overruling his motion for

new trial. The various grounds of exception may be summarized into an inquiry as to two points: (1) Does the accusation contain a sufficient allegation as to the publication of the alleged libel? (2) Was the alleged libelous communication privileged, and did the trial judge, for that reason, err in the exclusion of certain testimony which the defendant sought to introduce upon his trial?

1. It appears from the record that a brother of the defendant and the prosecutor had had a fight on account of certain language said to have been used by the former, and the statement had been made to the defendant that the prosecutor had held his brother while another stabbed him with a knife. The prosecutor and the two brothers were all members of a secret organization called "The Supreme Circle," which it appears includes in its membership women as well as men. The prosecutor was an officer in this organization. After hearing that his brother had been cut by the policeman while the prosecutor held him in aid of the assault, and after having conferred with certain members of the order, the defendant wrote the alleged libel as part of a charge against the prosecutor, designed to bring him to trial before the organization of which they were members. It is conceded that this was the only purpose of the publication. The language written was as follows: "Said N. L. Lee did, on the 14th day of August, while an officer of law of Rochelle was at his place of business, call said John Graham to the same place, and did then and there incite said officer to cut dangerously with a knife the said John Graham, and did further hold said John Graham by the right shoulder while he was being cut by said officer." The judge excluded testimony which the defendant sought to offer, as to the fact that there had been a trial in the lodge, and as to the result of said trial. We think that the accusation contained a sufficient allegation of the publication of the libel. The accusation is in the language of § 335 of the Penal Code, and though the word "publish" was not used, we think that the word "express," which is employed, viewed in its context, and with the statement that the alleged libel was expressed in writing, can import nothing less than publication,—in other words, that it is synonymous with the word "publish." Under the ruling in *Giles* v. *State, 6 Ga.* 276, it was not necessary to allege that the libel was seen or read; and the word "express,"

as applied to a writing, as defined by Webster, is practically synonymous with the word "publish." "Express" means to utter; to represent and make known; to declare; to cause to appear. "Publish" means to utter; to make known.

2.   We think, however, that the judge erred in his conception of the rights of the defendant in writing the alleged libel for the purpose for which it was intended.  For one to be guilty of libel, the writing must  not only be false and such as tends to bring its object into hatred, contempt, or ridicule, but it must also be malicious.  The burden is upon the State to prove that the writing was malicious.  We think that the rulings of the court upon the evidence limited the defendant in his undeniable right to show that the writing was not malicious.  It is well settled that statements made in the course of proper investigations by members of a church, as well as all proceedings necessary for a trial in secret fraternal, benevolent orders, such as the "Supreme Circle" appears from the record to be, are privileged.  And even the result of the finding on the trial in such an organization may tend to relieve the imputation of malice, and to show that the writer acted in good faith.  It was competent for the defendant to show that even though the charge made by him was false, he acted bona fide, upon statements which he received from sources which he believed to be reliable, and that his action was prompted, not by malice, but by a desire for an honest and fair investigation.  We think, therefore, that a new trial should be granted, in order that the defendant may submit fully to the jury, as is his right, all of the circumstances leading up to the charge made by him in writing, as well as the result of the investigation, to the end that the jury may be able to determine whether the alleged libel was in fact malicious.  While malice is presumed where the libelous charge is false, it is nevertheless possible to rebut this presumption.  And the proof to rebut the presumption may be found in circumstantial evidence, as well as afforded by direct proof.  It is not a question of the nature of the evidence, but of satisfying the minds of the jury of the absence of malice.        *Judgment reversed.*